Leonard A. Gail
lgail@masseygail.com
Suyash Agrawal
sagrawal@masseygail.com
Peter M. Stasiewicz
pstasiewicz@masseygail.com
Constance Grieves
cgrieves@masseygail.com
William K. French
wfrench@masseygail.com
MASSEY & GAIL LLP
50 East Washington Street, Suite 400
Chicago, IL 60602
Tel: (312) 283-1590

Matthew M. Collette
mcollette@masseygail.com
Kylie C. Kim
kkim@masseygail.com
MASSEY & GAIL LLP
1000 Main Avenue SW, Suite 450
Washington, D.C. 20024
Tel: (202) 652-4511

Daniel H. Handman
dhandman@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
1299 Ocean Avenue, Suite 750
Santa Monica, CA 90401
Tel: (310) 255-0705

***Attorneys for Defendant National Association of REALTORS®***

**IN THE UNITED STATES DISTRICT COURT**
**FOR CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| The PLS.com, LLC, a California limited liability company,<br><br>Plaintiff,<br>vs.<br><br>The National Association of Realtors,<br><br>Defendant. | Case No.: 2:25-cv-05971-JWH-E<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANT NATIONAL ASSOCIATION OF REALTORS'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL THIRD PARTY UMRO REALTY CORP. D/B/A THE AGENCY TO PRODUCE DOCUMENTS**<br><br>**Date: August 28, 2026**<br>**Time: 9:30 A.M.**<br><br>**Pretrial Conference: September 10, 2027**<br>**Trial date: September 27, 2027** |

## I. Introduction

The documents responsive to Request No. 7 of The National Association of REALTORS® ("NAR") subpoena to UMRO are directly relevant to the central issues in this case. UMRO is the only entity that possesses the full universe of those documents. UMRO's objections to Request No. 7 lack merit and do not justify withholding the requested documents. The Court should compel UMRO to comply with Request No. 7.

## II. The Documents Sought Relate Directly to Central Issues in This Case.

The PLS.com, LLC ("PLS") alleges that NAR violated the Sherman Act by adopting the Clear Cooperation Policy ("CCP"). The CCP requires NAR-affiliated real estate agents to list properties on a Multiple Listing Service ("MLS") within one business day of marketing those properties to the public. Request No. 7 directly bears on the CCP's procompetitive effects and purposes: encouraging transparency in real estate transactions, discouraging agent self-dealing, and promoting fair competition and fair housing opportunities.

The CCP promotes transparency and fairness in real estate transactions by encouraging agents to make their publicly marketed listings available to all real estate agents who belong to a REALTOR® association owned MLS.[1] The documents NAR requests concern the concrete harms the CCP is designed to address. The marketing by one of the PLS founders of the property at issue in the Umansky Fraud Litigations[2] directly implicates the CCP.

Request No. 7 also relates directly to PLS's core allegations. PLS alleges that demand for "pocket listings" had "skyrocketed" and that NAR viewed those services as a competitive threat. Pl.'s Compl. at 2, Dkt. 1. Request No. 7 will

[1] The MLS Handbook sets forth policy statements and guidelines for NAR-affiliated MLSs.

[2] As defined in Paragraph 14 of NAR's subpoena.

capture communications with the seller and potential buyers, marketing materials, and disclosures (or lack thereof) to the seller. Each bears on the allegations in the Complaint and is likely to undermine them.

Contrary to UMRO's characterization of NAR's objectives as "speculative," "collateral," and related only to potential impeachment material against Mr. Umansky, Request No. 7 goes to the heart of PLS's allegations and NAR's defenses. Joint Stipulation at 21, Dkt. 60-1. The requested documents address the very real danger that agents and brokerages may circumvent transparent marketing to commit fraud and harm competition—the harms the CCP is designed to safeguard against.

## III. UMRO POSSESSES RELEVANT DOCUMENTS THAT ARE INACCESSIBLE TO THE PARTIES.

UMRO "has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *In re Allergan, Inc. Proxy Violation Sec. Litig.*, No. SACV142004DOCKESX, 2016 WL 11742759, at *2 (C.D. Cal. Nov. 28, 2016). UMRO has failed to do so.

UMRO concedes that, to the extent Mr. Umansky once possessed some documents responsive to Request No. 7, UMRO would have possessed those documents as well—and more.[3] UMRO is itself a defendant in the Umansky Fraud Litigations and facilitated the sale and purchase of the property at issue. The cases UMRO cites do not support directing Request No. 7 to Mr. Umansky. Each involved documents controlled by a *party to the litigation*; here, both Mr. Umansky and UMRO are third parties. *See* Joint Stipulation at 15–16, 22.

PLS was not involved in the Umansky Fraud Litigations, and NAR has no reason to believe PLS possesses documents responsive to Request No. 7. Mr. Umansky's involvement was through UMRO. Because other UMRO personnel

[3] UMRO asserts that collecting responsive documents would require identifying multiple custodians and accounts. Joint Stipulation, at 20-21.

were almost certainly involved in the transaction, UMRO is the only entity in possession of the full universe of documents responsive to Request No. 7. UMRO should produce them.

## IV. NAR WILL SUFFER PREJUDICE IF IT CANNOT ACCESS THESE DOCUMENTS.

NAR will be prejudiced without these documents. Public filings in these litigations provide some details about the transaction, but they do not show how the property was marketed, how potential buyers contacted UMRO and Mr. Umansky, or what disclosures UMRO or Mr. Umansky made to the seller. Those details are in UMRO's sole possession. Without them, NAR cannot fully develop its defenses to PLS's claims.

UMRO's suggestion that NAR can seek this information during Mr. Umansky's deposition misses the point. Joint Stipulation at 18. NAR needs the requested documents well before that deposition to effectively question Mr. Umansky and Mr. Umansky does not possess the full universe of requested documents. That is why NAR issued Request No. 7 to UMRO.

## V. NAR HAS ATTEMPTED TO REDUCE THE BURDEN.

UMRO's claim that it lacks the resources to perform the searches required by NAR's requests contradicts its own representations. In the Joint Stipulation, UMRO describes its technology department as small with limited resources, asserting that NAR's requests would impose a significant burden. *Id.* at 21. Yet its "About the Agency" page boasts an "in house, cutting edge… tech division[]."[4] UMRO cannot claim that limited technical capacity makes compliance burdensome when its own description states the opposite. UMRO offers no evidence that it must hire and train staff to comply with Request No. 7 and cites no case law supporting reimbursement for those needs. Without evidence that

---

[4] See https://www.theagencyre.com/about-us, last visited August 14, 2026.

compliance with Request No. 7 will impose unavoidable excessive expenses, UMRO is not entitled to reimbursement.

NAR recognizes that a litigation-related document request requires attorneys to review the production for attorney-client privilege and attempted to cooperate with UMRO to reduce that burden. The Protective Order provides a procedure for inadvertent production of privileged materials and protects UMRO if any privileged materials are produced. Protective Order at 15, Dkt. 47.

## VI. CONCLUSION

Request No. 7 seeks documents directly relevant to PLS's claims and NAR's defenses. UMRO has not met its burden to support its objections, and UMRO is the only entity with the full universe of responsive documents. NAR will be prejudiced if it cannot obtain them. The Court should grant NAR's Motion to Compel.

Dated: August 14, 2026

By: <u>*/s/ Constance Grieves*</u>

Leonard A. Gail
lgail@masseygail.com
Suyash Agrawal
sagrawal@masseygail.com
Peter M. Stasiewicz
pstasiewicz@masseygail.com
Constance Grieves
cgrieves@masseygail.com
William K. French
wfrench@masseygail.com
**MASSEY & GAIL LLP**
50 East Washington Street, Suite 400
Chicago, IL 60602
Tel: (312) 283-1590

Matthew M. Collette
mcollette@masseygail.com
Kylie C. Kim
kkim@masseygail.com
**MASSEY & GAIL LLP**
The Wharf
1000 Main Avenue SW, Suite 450
Washington, D.C. 20024
Tel: (202) 652-4511

Daniel H. Handman
dhandman@hkemploymentlaw.com
**HIRSCHFELD KRAEMER LLP**
1299 Ocean Avenue, Suite 750
Santa Monica, CA 90401
Telephone: (310) 255-0705

***Attorneys for Defendant The National Association of REALTORS®***

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2026, I caused a true and correct copy of the foregoing to be served by electronic mail on the following counsel of record for PLS and counsel for UMRO.

Christopher G. Renner
cgrenner@dhillonlaw.com
Jonathan M. Shaw
jshaw@dhillonlaw.com
Andrew K. Mann
akmann@dhillonlaw.com
Domenic Aulisi
daulisi@dhillonlaw.com
Dhillon Law Group Inc.
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314

Brandon Q. Tran
btran@dhillonlaw.com
4675 MacArthur Court, Suite 1410
Newport Beach, CA 92660

***Attorneys for Plaintiff The PLS.com, LLC***

Brandon K. Braga
brandon.braga@theagencyre.com
Kristin A. Regan
kregan@theagencyre.com
UMRO Realty Corp. d/b/a The Agency
331 Foothill Road, Suite 100
Beverly Hills, California 90210

***Attorneys for Third Party UMRO Realty Corp. d/b/a The Agency***

Dated: August 14, 2026

*/s/ Constance Grieves*
Constance Grieves