Brandon K. Braga (State Bar No. 253233)
Kristin A. Regan (State Bar No. 156680)
THE AGENCY
331 Foothill Road, Suite 100
Beverly Hills, California 90210
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
brandon.braga@theagencyre.com
kregan@theagencyre.com

Attorneys for Non-Party
UMRO REALTY CORP.

**IN THE UNITED STATES DISTRICT COURT**
**FOR CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION—LOS ANGELES**

| | |
|---|---|
| The PLS.com, LLC, a California limited liability company,<br><br>Plaintiff,<br>vs.<br><br>The National Association of Realtors,<br><br>Defendant. | Case No.: 2:25-cv-05971-JWH-E<br><br>**DISCOVERY MATTER**<br><br>**OBJECTION AND REQUEST TO STRIKE THE NATIONAL ASSOCIATION REALTORS'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THIRD PARTY UMRO REALTY CORP. D/B/A THE AGENCY TO PRODUCE DOCUMENTS**<br><br>**HEARING Date: AUGUST 28, 2026, 9:30 A.M.**:<br><br>*Motion Hearing: August 28, 2026, 9:30 A.M.*<br>*Fact Discovery Cut-Off: October 23, 2026*<br>*Pretrial Conference: September 10, 2027*<br>*Trial date: September 27, 2027* |

**OBJECTION AND REQUEST TO STRIKE THE NATIONAL ASSOCIATION REALTORS'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL THIRD PARTY UMRO REALTY CORP. D/B/A THE AGENCY TO PRODUCE DOCUMENTS**

Non-party UMRO Realty Corp., dba The Agency ("UMRO") respectfully objects and requests that the Court to strike the National Association of Realtors®' ("NAR") Supplemental Memorandum Memorandum in Support of its Motion to Compel Third Party UMRO Realty Corp., dba The Agency to Produce Documents, filed on August 14, 2026, because it exceeds the limited scope authorized by Local Rule 37-2.3 and constitutes an improper attempt to expand the factual record after the Joint Stipulation was filed.

Rule 37-2.3 permits the filing of a supplemental memorandum of law after the Joint Stipulation has been filed. It does not invite a supplemental factual presentation. The Rule expressly provides: "No other separate memorandum of points and authorities may be filed by either party in connection with the motion."

By contract Rule 37-2.2 invites a full factual presentation. It directs the moving party to furnish its portion of the joint stipulation "together with all declarations and exhibits" supporting its position; the opposing party likewise must provide its portion "together with all declarations and exhibits" supporting its position. That placement supports the argument that the joint stipulation—not the later memorandum of law—is the vehicle for factual and evidentiary material.

The distinction between a supplemental memorandum of law and an expanded factual presentation is recognized by this Court. In *Wright v. Federal Bureau of Investigation*, No. CV 05-1223-RGK (JTLx) (C.D. Cal. Aug. 12, 2005), this Court addressed a supplemental memorandum filed under Rule 37-2.3. The plaintiff sought to rely on claims articulated more broadly in the supplemental memorandum than in deposition testimony. In upholding the magistrate judge's decision to exclude the claims set forth in the supplemental memorandum, the order noted the argument that plaintiff could "not rewrite his claims in a supplemental memorandum." While *Wright* is unpublished, it reflects the limited purpose of Local Rule 37-2.3 and illustrates that a supplemental memorandum may not be used to reshape or expand a party's factual presentation.

The same principle is reflected in Ninth Circuit authority governing reply briefs. Courts routinely refuse to consider new factual material submitted in later briefing because doing so deprives the opposing party of a meaningful opportunity to respond. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (it is unfair to permit a party to submit new evidence in a reply brief without affording the opposing party an opportunity to respond); *Tovar v. U.S. Postal Service*, 3 F.3d 1271, 1286 n.3 (9th Cir. 1993) (striking portions of a reply brief that presented new statistical information because it was outside the record and its presentation in a reply deprived the opposing party of an opportunity to respond). Although those cases concern reply briefs, the same fairness concerns apply here. Local Rule 37-2.3

does not provide a vehicle for one party to obtain an unauthorized final opportunity to expand the factual record after the Joint Stipulation has been completed.

NAR had every opportunity to present these factual arguments in the first instance. For months before the Joint Stipulation was filed, NAR was fully aware of UMRO's positions through the parties' extensive meet-and-confer process as described in the declarations and exhibits submitted in support of, and in opposition to, the Joint Stipulation. In addition, the parties exchanged drafts of the Joint Stipulation documents containing these issues pursuant to Rule 37-2.2. Despite that notice, NAR elected not to address many of these issues in its original briefing. Having made that strategic choice, NAR cannot now circumvent Local Rule 37-2.3 by repackaging a new factual submission as a "supplemental memorandum of law."

Permitting NAR's filing would undermine the purpose of Rules 37-2.2 and 37-2.3. Those Rules are designed to ensure an orderly briefing process, require the parties to present their complete factual record through the Joint Stipulation and supporting evidence, and prevent piecemeal submissions that unfairly provide one party with an additional opportunity to strengthen its factual presentation after the opposing party has already filed its response.

Because NAR's Supplemental Memorandum consists almost entirely of new factual argument, it exceeds the scope authorized by Local Rule 37-2.3. UMRO therefore respectfully requests that the Court strike the Supplemental Memorandum in its entirety.

In the alternative, should the Court elect to consider NAR's Supplemental Memorandum, UMRO respectfully requests leave to file a responsive supplemental memorandum addressing the new factual arguments raised therein so that UMRO is not prejudiced by NAR's unauthorized expansion of the factual record.

Dated: August 7, 2026

UMRO Realty Corp., dba The Agency

By: ______________________
Kristin A. Regan
Attorneys for Non-Party
UMRO Realty Corp., dba The Agency

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2026, I caused a true and correct copy of the foregoing to be served by electronic mail on the following counsel of record for PLS and counsel for UMRO.

**OBJECTION AND REQUEST TO STRIKE The NATIONAL ASSOCIATION REALTOrS'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF Motion to Compel THIRD PARTY UMRO REALTY CORP. D/B/A THE AGENCY TO PRODUCE DOCUMENTS**

Christopher G. Renner
cgrenner@dhillonlaw.com
Jonathan M. Shaw
jshaw@dhillonlaw.com
Andrew K. Mann
akmann@dhillonlaw.com
Domenic Aulisi
daulisi@dhillonlaw.com
Dhillon Law Group Inc.
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314

Brandon Q. Tran
btran@dhillonlaw.com
4675 MacArthur Court, Suite 1410
Newport Beach, CA 92660

***Attorneys for Plaintiff The PLS.com, LLC***

Leonard A. Gail
lgail@masseygail.com
Suyash Agrawal
sagrawal@masseygail.com
Peter M. Stasiewicz
pstasiewicz@masseygail.com
Constance Grieves (*PHV pending*)
cgrieves@masseygail.com
William K. French
wfrench@masseygail.com
**MASSEY & GAIL LLP**
50 East Washington Street, Suite 400
Chicago, IL 60602
Tel: (312) 283-1590

Matthew M. Collette
mcollette@masseygail.com
Kylie C. Kim
kkim@masseygail.com
**MASSEY & GAIL LLP**
The Wharf
1000 Main Avenue SW, Suite 450
Washington, D.C. 20024
Tel: (202) 652-4511

Daniel H. Handman
dhandman@hkemploymentlaw.com
**HIRSCHFELD KRAEMER LLP**
1299 Ocean Avenue, Suite 750
Santa Monica, CA 90401
Telephone: (310) 255-0705

***Attorneys for Defendant National Association of REALTORS®***

Dated: August 7, 2026

Kristin A. Regan