Leonard A. Gail
lgail@masseygail.com
Suyash Agrawal
sagrawal@masseygail.com
Constance Grieves
cgrieves@masseygail.com
Peter M. Stasiewicz
pstasiewicz@masseygail.com
William K. French
wfrench@masseygail.com
MASSEY & GAIL LLP
50 East Washington Street, Suite 400
Chicago, IL 60602
Tel: (312) 283-1590

Matthew M. Collette
mcollette@masseygail.com
Kylie C. Kim
kkim@masseygail.com
MASSEY & GAIL LLP
1000 Main Avenue SW, Suite 450
Washington, D.C. 20024
Tel: (202) 652-4511

Daniel H. Handman
dhandman@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
1299 Ocean Avenue, Suite 750
Santa Monica, CA 90401
Tel: (310) 255-0705

***Attorneys for Defendant National Association of REALTORS®***

*Motion Hearing: October 2, 2026, 9:00AM*
*Fact Discovery Cut-Off: October 23, 2026*
*Pretrial Conference: September 10, 2027*
*Trial date: September 27, 2027*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION—ORANGE COUNTY

The PLS.com, LLC, a California limited liability company,

Plaintiff,

vs.

The National Association of Realtors,

Defendant.

**Case No.: 2:25-cv-05971-JWH-E**

**UNOPPOSED MOTION TO EXTEND FACT DISCOVERY CUT-OFF AND ALLOW SEVEN OUT-OF-TIME DEPOSITIONS**

**DATE: OCTOBER 2, 2026**
**TIME: 9:00 A.M.**
**CRTRM: 9D, 9th FLOOR**

**UNITED STATES DISTRICT JUDGE JOHN W. HOLCOMB**

Now COMES the Defendant, National Association of REALTORS® ("NAR"), by and through its attorneys, and for its Unopposed Motion to Extend Fact Discovery Cut-Off and Allow Seven Out-of-Time Depositions, states as follows:

1. On October 15, 2025, the Court entered an order ("October 2025 Scheduling Order") pursuant to Federal Rule of Civil Procedure 16(b) setting various dates and deadlines in this action, including a Fact Discovery Cut-Off of Friday, October 23, 2026. Dkt. 51.

2. PLS does not oppose this motion and has stipulated to NAR taking no more than seven third-party depositions after the end of fact discovery but no later than December 31, 2026.

3. NAR moves pursuant to Federal Rule of Civil Procedure 16(b)(4) to modify the October 2025 Scheduling Order to extend the Fact Discovery Cut-Off date by four weeks, from Friday, October 23, 2026, to Friday, November 20, 2026, and allow for up to seven third-party depositions to be taken after that date but no later than December 31, 2026. NAR seeks modest extensions of the expert discovery scheduling to accommodate this request: two-week extensions of the (i) Expert Initial Disclosure deadline from Friday, January 8, 2027, to Friday, January 22, 2027; (ii) Expert Rebuttal Disclosure deadline from Friday, March 5, 2027, to Friday, March

19, 2027; and (iii) Expert Discovery Cut-Off from Friday, April 30, 2027, to Friday, May 14, 2027. ***NAR seeks no other modifications to the October 2025 Scheduling Order—all other dates, including the trial date, would stand***.

4. This is the first request by any party for an extension of the deadlines imposed under the October 2025 Scheduling Order.

5. This motion is directed to District Judge Holcomb pursuant to Local Rules 16-14. *Id.* ("Any application to modify an order entered pursuant to F.R.Civ.P. 16 shall be made to the judicial officer who entered the order."); Dkt. 51.

**A. Legal Standard**

6. Federal Rule of Civil Procedure 16(b)(4) requires "good cause" for such an extension. Good cause is present.

7. Good cause "primarily considers the diligence of the party seeking the amendment" and "may be found where the moving party shows it assisted the Court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order." *Andrews v. Cnty. of Orange*, No. 8:20-CV-00925-JWH-ADSX, 2021 WL 12325733, at *1–2 (C.D. Cal. Aug. 19, 2021) (Holcomb, J.) (denying Plaintiff's opposed request to modify the Court's scheduling order by reopening discovery); *Mansour v. Costco Wholesale Corp.,* 5:20-CV-02286-JWH-KKX, 2021 WL 6104822, at *2 (C.D. Cal. Nov. 17, 2021) (Holcomb, J.) (granting Defendant's unopposed motion to extend discovery in part because there were "multiple depositions outstanding").

**B. Application**

8. In May 2020, Plaintiff The PLS.com, LLC ("PLS") brought an action against NAR and multiple other defendants ("PLS I"). Dkt. 1 ¶ 122. In that action, the "Amended Complaint was dismissed with prejudice for failure to state a claim upon which relief could be granted on February 9, 2021," *id.*, but the Ninth Circuit

reversed in 2022. In PLS I, the Parties engaged in substantial discovery. *See* Declaration of Stasiewicz ("Decl.") ¶ 2. In early 2024, PLS I was dismissed without prejudice as to the claims against NAR. Dkt. 1 ¶¶ 124–125.

9. After PLS I's conclusion, the Parties engaged in years of negotiations pursuant to multiple tolling agreements. Dkt. 1 ¶¶ 123–126. PLS subsequently brought this action on July 1, 2025 ("PLS II"). *See* Dkt. 1. The Court entered the October 2025 Scheduling Order three months later. The Scheduling Order requires the entirety of fact deposition to be complete, including all depositions, by October 23, 2026. Dkt. 51 at 2, 5.

10. While the Parties originally believed the October 23, 2026 Fact Discovery Cut-Off was reasonable, unforeseen events delayed discovery sufficient to establish good cause to extend the cut-off date by four weeks.

### ***1. Document Review and Production Were Unforeseeably Prolonged.***

11. When proposing the Fact Discovery Cut-Off date of October 23, 2026, the Parties reasonably believed they had completed most of the document discovery in PLS I. *See* Decl. ¶¶ 2–3. The Parties were operating under the assumption that the productions in PLS II would be relatively small, consisting mainly of documents related to subsequent developments involving NAR's Clear Cooperation Policy ("CCP"). *Id.* ¶ 3. Underlying this assumption was the Parties' agreement that PLS II productions would use the same language as the PLS I ESI Protocol and Protective Order (*id.*; *compare* PLS I Dkts. 74, 143 *with* Dkts. 47, 53) and that PLS I documents could be used seamlessly in the current litigation. Decl. ¶ 3.

12. For this reason, the Parties gave themselves only four months for document discovery, imposing a "Substantial Completion Deadline for Document Discovery" of February 6, 2026. Dkt. 51 at 2.

13. But document discovery and production spanned more than 5 months after February 6, 2026, with NAR completing 23 more productions in cooperation with PLS's requests. Decl. ¶¶ 9–26.

14. In February 2026, PLS requested a review of NAR's privilege determinations reflected in PLS I materials. *See Id*. ¶¶ 6–7. NAR agreed to review it privilege determinations and undertake a broader assessment of the productions and review on February 24, 2026. *Id*. ¶ 8.

15. Due to the nature of the request, NAR briefly paused production of new PLS II documents as NAR evaluated PLS's thematic privilege concerns. Between March and May 2026, NAR made fourteen productions of documents to PLS, comprised of reproduced PLS I documents and productions unique to this litigation. *Id*. ¶¶ 9–17. During this time, NAR produced 7,616 documents spanning 35,787 pages. *Id*.

16. In late May 2026, NAR served a privilege log. *Id.* ¶ 17. On May 28, 2026 and June 1, 2026, PLS transmitted letters requesting substantial changes to the privilege log. *Id.* ¶ 18. The parties met and conferred, and NAR agreed on June 19, 2026 to review numerous privilege log entries per PLS's requests. *Id.* ¶ 19–20.

17. In response to PLS's second set of communications, NAR made an additional eight productions totaling 5,842 documents spanning 30,633 pages. *Id*. ¶ 21–24.

18. Document discovery was far more extensive than the Parties anticipated at the outset. Far from the modest supplement contemplated at the commencement of PLS II, NAR has instead made 24 productions in PLS II, which contained 13,458 documents spanning 66,420 pages, with the latest of those occurring on August 10, 2026. *Id*. ¶ 25. This unplanned and continuous string of required productions delayed oral discovery by almost six months.

***2. Oral Fact Discovery Has Been Unforeseeably Bottlenecked.***

19. Due to the unforeseeable document production load, the Parties were forced to schedule many of their depositions later in the discovery timeline than anticipated. The first two depositions in this action were of third parties and occurred in March and April this year. *Id.* ¶ 9, 13. The first deposition of a party witness was not scheduled until August and, even then, NAR was forced to reserve an hour on the record because NAR had not yet received two third-party document productions. *Id.* ¶ 28.

20. PLS stipulated to NAR taking twelve depositions of brokers identified in PLS's initial disclosures, surpassing the ten allowed by the Federal Rules of Procedure. These depositions have been unexpectedly difficult to schedule—not one is currently on the calendar despite NAR's best efforts to work with the individuals and their counsel to schedule them. *Id.* ¶ 28.

21. Oral discovery was further hindered by the schedules of the founders of PLS. For instance, on May 15, 2026, PLS informed NAR that Christopher Dyson, one of its founders, was unavailable for much of the summer and fall of 2026. *Id.* ¶ 28.

22. Then, when Mr. Dyson sat for his deposition on August 11, 2026, his testimony suggested that PLS intends to claim that later iterations of its platform, launched well after it filed its initial complaint, were also injured by the CCP. In response to that testimony, NAR is served additional subpoenas for documents and depositions to be served on PLS's later investors. *Id.* ¶ 29.

23. The depositions for both Parties' corporate representatives have yet even to be noticed, much less scheduled. *Id.* ¶ 27.

24. NAR believes a modest four-week extension of the Fact Discovery Cut-Off date, combined with an agreed stipulation to take any third-party depositions that remain after that date, is sufficient to accommodate the delay in the start of certain depositions. *Id.* ¶ 32. Without the extension of the fact discovery cut-off, multiple

critical party and non-party depositions are put in jeopardy, materially prejudicing NAR. *Id.* ¶ 31.

***3. PLS Will Not Suffer Prejudice.***

25. The modest four-week extension and proposed stipulation NAR seeks will not cause unfair prejudice to any party. NAR conferred with PLS, and PLS does not oppose this motion. NAR sought PLS's input into the Parties' proposed scheduling changes, including the two-week extensions for each expert deadline laid out above. This extension does not move any other deadlines in the October 2025 Scheduling Order, including the trial date of September 27, 2027, which would stand.

***4. The Modification Is Timely.***

26. NAR brings this motion more than six weeks before the Fact Discovery Cut-Off date since it became apparent in mid-August 2026 that its efforts to meet the Fact Discovery Cut-Off date would be unsuccessful due to unanticipated case developments in late July.

27. NAR moved with exigency to confer with PLS when it became apparent the Fact Discovery Cut-Off date was unworkable.

28. This motion is not made for the purpose of delay.

WHEREFORE, for the above reasons, Defendant NAR respectfully requests this Honorable Court grant its Unopposed Motion to Extend Fact Discovery Cut-Off and Allow Seven Out-of-Time Depositions or such further relief deemed appropriate.

MASSEY & GAIL LLP

By: *Peter M. Stasiewicz*
Attorney for Defendant

Dated: August 31, 2026

**National Association of REALTORS®**

Leonard A. Gail
lgail@masseygail.com
Suyash Agrawal
sagrawal@masseygail.com
Constance Grieves
cgrieves@masseygail.com
Peter M. Stasiewicz
pstasiewicz@masseygail.com
William K. French
wfrench@masseygail.com
**MASSEY & GAIL LLP**
50 East Washington Street, Suite 400
Chicago, IL 60602
Tel: (312) 283-1590

Matthew M. Collette
mcollette@masseygail.com
Kylie C. Kim
kkim@masseygail.com
**MASSEY & GAIL LLP**
The Wharf
1000 Main Avenue SW, Suite 450
Washington, D.C. 20024
Tel: (202) 652-4511

Daniel H. Handman
dhandman@hkemploymentlaw.com
**HIRSCHFELD KRAEMER LLP**

1299 Ocean Avenue, Suite 750
Santa Monica, CA 90401
Telephone: (310) 255-0705

***Attorneys for Defendant***
***National Association of REALTORS®***

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1299 Ocean Avenue, Suite 750, Santa Monica, California 90401. On August 31, 2026, I served the following document(s) by the method indicated below:

***

☐ by transmitting **via email** on this date the document(s) listed above to the email address(es) set forth below. ***Per agreement between the parties***.

☒ by **electronic Filing:** I hereby certify that on August 31, 2026, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

**SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on August 31, 2026 at Santa Monica, California.

______________________________

Daniel H. Handman

**<u>SERVICE LIST</u>**

**The PLS.com, LLC, vs. The National Association of Realtors,**
**CASE NO.: 2:25-cv-05971**

Christopher G. Renner
cgrenner@dhillonlaw.com
Jonathan M. Shaw
jshaw@dhillonlaw.com
Andrew K. Mann
akmann@dhillonlaw.com
Domenic Aulisi
daulisi@dhillonlaw.com
Dhillon Law Group Inc.
2121 Eisenhower Avenue, Suite 608
Alexandria, VA 22314

Brandon Q. Tran
btran@dhillonlaw.com
4675 MacArthur Court, Suite 1410
Newport Beach, CA 92660

***Attorneys for Plaintiff***
***The PLS.com, LLC***