Leonard A. Gail
lgail@masseygail.com
Suyash Agrawal
sagrawal@masseygail.com
Constance Grieves
cgrieves@masseygail.com
Peter M. Stasiewicz
pstasiewicz@masseygail.com
William K. French
wfrench@masseygail.com
MASSEY & GAIL LLP
50 East Washington Street, Suite 400
Chicago, IL 60602
Tel: (312) 283-1590

Matthew M. Collette
mcollette@masseygail.com
Kylie C. Kim
kkim@masseygail.com
MASSEY & GAIL LLP
1000 Main Avenue SW, Suite 450
Washington, D.C. 20024
Tel: (202) 652-4511

Daniel H. Handman
dhandman@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
1299 Ocean Avenue, Suite 750
Santa Monica, CA 90401
Tel: (310) 255-0705

***Attorneys for Defendant National Association of REALTORS®***

*Motion Hearing: October 2, 2026, 9:00AM*
*Fact Discovery Cut-Off: October 23, 2026*
*Pretrial Conference: September 10, 2027*
*Trial date: September 27, 2027*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION—ORANGE COUNTY

| | |
|---|---|
| The PLS.com, LLC, a California limited liability company,<br><br>Plaintiff,<br>vs.<br><br>The National Association of Realtors,<br><br>Defendant. | **Case No.: 2:25-cv-05971-JWH-E**<br><br>**DECLARATION OF PETER STASIEWICZ IN SUPPORT OF NAR'S MOTION TO EXTEND FACT DISCOVERY CUT-OFF**<br><br>**DATE: OCTOBER 2, 2026**<br>**TIME: 9:00 A.M.**<br>**CRTRM: 9D, 9th FLOOR**<br><br>**UNITED STATES DISTRICT JUDGE JOHN W. HOLCOMB** |

## DECLARATION OF PETER M. STASIEWICZ

I, Peter M. Stasiewicz, do state and declare as follows:

1. I am an attorney admitted *pro hac vice* before this Court and represent Defendant The National Association of REALTORS® ("NAR") in this action. My *pro hac vice* admission was granted December 16, 2025. I have been a member of the bar of Illinois since 2006. I submit this declaration in support of NAR's Motion to Extend Fact Discovery Cut-Off. I have personal knowledge of the following facts and, if called as a witness, I could and would testify competently thereto.

2. In May 2020, Plaintiff The PLS.com LLC ("PLS") brought an action against NAR ("PLS I"). In that action, the parties engaged in substantial discovery. Represented by prior counsel, NAR completed and served six productions to PLS consisting of 38,125 documents totaling 225,038 pages. In early 2024, PLS I was dismissed without prejudice as to the claims against NAR.

3. At the beginning of the current action ("PLS II"), the parties reasonably assumed that the productions in PLS II would be limited, consisting mainly of documents related to subsequent developments involving NAR's Clear Cooperation Policy ("CCP"). Underlying this assumption was the parties' agreement that PLS II

productions would use the same language as the PLS I ESI Protocol and Protective Order (*compare* PLS I Dkts. 74, 143 *with* Dkts. 47, 53) and that PLS I documents could be used seamlessly in the current litigation.

4. But by mid-August, NAR understood that, due to the unforeseen circumstances explained below, a four-week modification to the fact discovery cut-off would be necessary to have sufficient time for oral discovery in this action.

**A. NAR's Document Productions Have Been More Voluminous than Expected.**

5. From August 1, 2022, through April 11, 2023, NAR produced PLS I materials across six productions. After Plaintiffs filed PLS II, NAR made one more production of new documents in early February 2026.

6. On February 3, 2026, PLS requested that NAR review its privilege determinations reflected in PLS I materials.

7. On February 10, 2026, PLS raised additional concerns regarding the PLS I materials.

8. On February 24, 2026, NAR agreed to review PLS's contentions regarding privilege and address PLS's concerns.

9. On March 13, 2026, NAR made two productions totaling 37 documents and 296 pages. NAR made this smaller production during a larger review of documents in response to PLS's request that NAR prioritize specific documents in advance of the third-party deposition noticed for March 27, 2026.

10. On March 17, 2026, NAR made a production of 92 documents totaling 545 pages in response to PLS's additional concerns.

11. On March 20, 2026, NAR made another rolling production of 599 documents totaling 2,980 pages.

12. On March 25, 2026, NAR produced 950 documents totaling 1732 pages in response to PLS's request that NAR prioritize specific documents in advance of the third-party deposition noticed for April 21, 2026.

13. Between April 3 and 6, 2026, NAR made two productions totaling 171 documents spanning 1099 pages. NAR made these smaller productions during a larger review of documents in response to PLS's request that NAR prioritize specific documents in advance of the third-party deposition noticed for April 21, 2026.

14. On April 17, 2026, NAR made two productions totaling 3,792 documents and 21,292 pages.

15. On May 8, 2026, NAR made two productions totaling 1,162 documents and 5,077 pages.

16. On May 15, 2026, NAR produced 588 documents totaling 2,135 pages.

17. On May 20, 2026, NAR made two productions totaling 225 documents and 631 pages. Two days later, on May 22, 2026, NAR served a privilege log.

18. In late May and early June, PLS requested substantial revisions to NAR's privilege log.

19. On June 9, 2026, the parties met and conferred about PLS's requests for changes to the privilege log.

20. On June 11, 2026, NAR committed to review each of the categories identified in PLS's letter in the spirit of cooperation. On June 19, 2026, NAR agreed to perform five further tasks—some of which NAR believed (and believes) to be unnecessary—to facilitate PLS's review.

21. On July 3, 2026, NAR made three productions of documents to PLS totaling 1,641 documents across 8,067 pages.

22. On July 24, 2026, NAR made three additional productions of documents to PLS totaling 1,910 documents across 8,171 pages.

23. On July 31, 2026, NAR made a further production of 844 documents spanning 6,539 pages to remedy the issue.

24. On August 10, 2026, NAR made another production of 1,447 documents spanning 7,856 pages.

25. From March 13, 2026, to August 10, 2026, NAR produced 13,458 documents totaling 66,420 pages.

26. These 23 productions in under five months were an unforeseeable necessity that inevitably delayed oral discovery. Absent the substantial number of unplanned productions, the parties could have fully commenced oral discovery sooner and likely met the fact discovery cut-off of October 23, 2026, as they anticipated doing at the entry date of the original order.

**B. Deposition Scheduling Challenges Necessitate Additional Time for Discovery.**

27. On July 21, 2026, PLS agreed to stipulate to NAR taking twelve depositions of brokers identified in PLS's initial disclosures, which surpassed the default ten depositions per side under the Federal Rules of Civil Procedure. To date, 24 depositions have been noticed to be conducted in this action and four have occurred. The parties have yet to notice or schedule the depositions for opposing corporate representatives as permitted by Federal Rule of Civil Procedure 30(b)(6).

28. Adding to the large number of depositions required, depositions have been unexpectedly difficult to schedule. For instance, PLS's counsel informed NAR on May 15, 2026, that its founder, Christopher Dyson was available only the first two weeks of August and the last two weeks of October. NAR was also forced to reserve an hour on the record with Mr. Dyson because it had not yet received two third-party document productions.

29. Additionally, when Mr. Dyson sat for his deposition on August 11, 2026, his testimony suggested that PLS intends to claim that later iterations of its platform, launched well after it filed its initial complaint, were also injured by the CCP. NAR disputes that those additional claims are properly before this Court but,

in response to that testimony, NAR served additional subpoenas for documents and depositions to be served on PLS's later investors.

30. Third-party depositions have also proven difficult to schedule. Of the twelve brokers identified in PLS's initial disclosures to whom NAR has issued subpoenas, NAR has been unable to put even one on the calendar largely due to a lack of responsiveness by those brokers. NAR is working with those individuals and their counsel but has experienced resistance. For this reason, scheduling is uncertain and a stipulation to take no more than seven third-party depositions after the fact discovery cut-off date, but no later than December 31, 2026, is necessary. NAR anticipates that these depositions will be relatively brief and will endeavor to take them as quickly as possible.

31. Without additional time to complete oral discovery in this action, multiple critical depositions will be rushed or fully foregone, including witnesses PLS identified in its initial disclosures as having discoverable information. NAR will be prejudiced if these depositions are rushed or foregone.

32. The parties can complete the majority of the depositions required for fact discovery, and certainly all party depositions, before November 20, 2026. Given the depositions currently scheduled in this action and the few more that remain to be noticed, a modest four-week extension of the Fact Discovery Cut-Off date, combined with an agreed stipulation to take no more than seven third-party depositions after that date, but no later than December 31, 2026, is sufficient to accommodate the delay in the start of depositions.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this day 31st of August, 2026, at Chicago, Illinois.

By: *Peter M. Stasiewicz*
Peter M. Stasiewicz, Esq.
Attorney for Defendant

Dated: August 31, 2026

**National Association of REALTORS®**

By: */s/ Peter M. Stasiewicz*
Leonard A. Gail
lgail@masseygail.com
Suyash Agrawal
sagrawal@masseygail.com
Constance Grieves
cgrieves@masseygail.com
Peter M. Stasiewicz
pstasiewicz@masseygail.com
William K. French
wfrench@masseygail.com
**MASSEY & GAIL LLP**
50 East Washington Street, Suite 400
Chicago, IL 60602
Tel: (312) 283-1590

Matthew M. Collette
mcollette@masseygail.com
Kylie C. Kim
kkim@masseygail.com
**MASSEY & GAIL LLP**
The Wharf
1000 Main Avenue SW, Suite 450
Washington, D.C. 20024
Tel: (202) 652-4511

Daniel H. Handman
dhandman@hkemploymentlaw.com
**HIRSCHFELD KRAEMER LLP**
1299 Ocean Avenue, Suite 750

Santa Monica, CA 90401
Telephone: (310) 255-0705

***Attorneys for Defendant National Association of REALTORS®***